No. 82-126

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

_____

CHARLES STENERSON and F. W. SCHMIDT,
joint venturers the name of STENERSON
& SCHMIDT, Co-Partners,

Plaintiffs and Respondents,

vs.

THE CITY OF KALISPELL,

Defendant and Respondent,

GLACIER NATIONAL BANK,

Claimant and Respondent,

COLONIAL TERRACE ASSOCIATES,

Claimant and Appellant

_____

Appeal from:   District Court of the Eleventh Judicial District,
               In and for the County of Flathead
               Honorable J. M. Salansky, Judge presiding.

Counsel of Record:

    For Plaintiffs:

        James A. Cumming, Columbia Falls, Montana

    For Defendant:

        Merritt N. Warden, Kalispell, Montana

    For Claimant:

        Chris G. McEwan, Columbia Falls, Montana

    For Appellant:

        Worden, Thane & Haines; Ronald A. Bender, Missoula, Montana

_____

Submitted on briefs:   July 15, 1982

Decided:   September 2, 1982

Filed: SEP - 2 1982

_Thomas J. Kearney_
_____
                Clerk

Mr. Justice John C. Harrison delivered the following Opinion of the Court.

This appeal involves two competing creditors to F.W. Schmidt's portion of a judgment obtained from the City of Kalispell. The District Court of the Eleventh Judicial District in Flathead County ordered the allocation of the judgment be paid first to Glacier National Bank to satisfy its claim and the balance paid to Colonial Terrace Associates. Appellant, Colonial Terrace Associates, appeals the determination of priority.

This action, as will be noted further in this opinion, is one of two actions now before this Court involving judgments of two District Courts concerning construction work done by the appellant. In the other case, Schmidt et al. v. Colonial Terrace, now on appeal from the First Judicial District of the State of Montana, the appellants are appealing a judgment of $128,278, plus interest, costs and attorney fees. A supersedeas bond has been filed for this amount in the District Court.

In addition, this Court is called upon to decide the issue raised with only the briefs of appellant. The respondents waived filing of briefs in the case.

In April of 1975, Stenerson and Schmidt contracted with the City of Kalispell to do work at the Buffalo Hills Golf Course. When the city refused to pay for work which had been completed but not computed into the bid price, Stenerson and Schmidt filed suit in Flathead County. Following judgment and appeal, on June 30, 1981, this Court remanded the case to Flathead County with orders to enter judgment in favor of Stenerson and Schmidt in the amount of $28,359.21 plus interest (the Kalispell judgment).

Just prior to the Kalispell judgment, on June 22, 1982, Colonial Terrace Associates obtained a judgment (the Helena judgment), against F.W. Schmidt, Leonard Knutson and Roberta Knutson in the amount of $128,278, plus interest, costs and attorney's fees in the District Court of the First Judicial

District of the State of Montana, in and for the County of Lewis and Clark. A transcript of the Helena judgment was filed in Missoula County on June 23, 1981, and in Flathead County on June 24, 1981. On July 2, 1981, Colonial filed a writ of execution in Flathead County. On the same day, July 2, 1981, F.W. Schmidt individually executed a note in the amount of $10,532.79 to Glacier National Bank due December 29, 1981. Glacier and Schmidt signed a security agreement which describes the collateral as assignment of funds from the City of Kalispell.

On July 10, 1981, the City of Kalispell delivered to the clerk of court of Flathead County the sum of $37,788.76 in exchange for a satisfaction of judgment in the Kalispell judgment. The funds were deposited with the clerk of court with instructions to hold subject to further instructions.

On July 22, 1981, Colonial's writ of execution was returned indicating that all monies due F.W. Schmidt had been paid to the District Court of Flathead County. On July 23, 1981, Colonial filed a petition for a charging order in Missoula County which is the principal place of business of the Stenerson and Schmidt partnership and where the partners reside. On that same day, Judge Green of the Fourth Judicial District in Missoula County issued the charging order pursuant to section 35-10-505, MCA. The order charges the interest of F.W. Schmidt in the partnership of Stenerson and Schmidt and ordered any proceeds that Schmidt might receive from the Kalispell judgment be used to the Helena judgment in favor of Colonial.

The Flathead District Court ordered that the allocation of the Kalispell judgment to F.W. Schmidt be retained by the clerk of court in Flathead County and that Glacier and Colonial file claims and proof of priority. Glacier filed its claim on September 3, 1981, and Colonial filed its claim on September 4, 1981.

On September 3, 1981, Schmidt, et al., filed a notice of appeal in the Helena judgment and asked for a stay of execution

pursuant to Rule 7, M.R.App.Civ.P. On October 6, 1981, Schmidt filed a supersedeas bond equal to the amount of the Helena judgment. On November 3, 1981, Judge Meloy of the District Court of the First Judicial District in Helena dissolved the stay of execution. Upon application to this Court it was again stayed and ordered stayed until further order of this Court.

On December 11, 1981, the District Court in Flathead County ordered Schmidt's allocation of the Kalispell judgment be paid to Glacier National Bank, with the balance paid, if any, to Colonial Terrace Associates. Colonial Terrace Associates appeals.

Appellant raises seven issues for review. The substance of those issues is whether the District Court's order of priority was erroneous.

Pursuant to Rule 7(a), M.R.App.Civ.P., an appellant may be granted a stay of execution of judgment on appeal if the District Court approves of appellant's supersedeas bond. Rule 6(a) M.R.App.Civ.P., requires the bond be executed by at least two securities. Here, Schmidt did present the District Court with a supersedeas bond which met the requirements of Rule 6(a), M.R.App.Civ.P., on October 6, 1981. Although the District Court ordered the stay of execution dissolved on November 3, 1981, this Court granted a stay on November 12, 1981, and ordered the stay to remain in effect until further order.

Appellant, Colonial Terrace Associates, claims the Flathead District Court erred in awarding Schmidt's allocation of the Kalispell judgment be applied first to Glacier National Bank. We disagree. Colonial was stayed from taking any action to execute on their judgment pending a final determination of the Helena judgment. Therefore, the charging order issued by Judge Green in Missoula County was vacated upon our granting of the stay of execution pending appeal.

Schmidt's supersedeas bond is equal to the full amount of the Helena judgment. If that judgment is affirmed, Colonial may execute upon the bond to recover the amount of the judgment.

Thus, Colonial is assured of satisfying their judgment should the appeal on the Helena judgment be affirmed.

We remand to the District Court with instructions to release Schmidt's allocation of the Kalispell judgment and order that the charging order from Missoula County be vacated.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices